UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM PIERSON,

    Plaintiff,

v.

EDMUND MINIAT, et al.,

    Defendants.

Case No. C21-1317-SKV

ORDER GRANTING DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS

INTRODUCTION

Defendant Edmund Miniat filed a Rule 12(b)(1) Motion to Dismiss, Dkt. 8, asserting the Court lacks subject matter jurisdiction over this case.  Plaintiff Kim Pierson filed an untimely opposition to the motion, Dkt. 13, and Defendant timely filed a reply, including a request to strike the untimely response, Dkt. 15.  The Court, having considered the motion, supporting documents, and the balance of the record, herein STRIKES the untimely opposition and GRANTS Defendant's motion to dismiss.

BACKGROUND

On September 27, 2021, Plaintiff filed this federal action relating to a motor vehicle accident that occurred in King County, Washington on September 27, 2018.  Dkt. 1.  Plaintiff asserted the Court's jurisdiction over this case and her claim of negligence under 28 U.S.C. §

1332.  *Id*., ¶¶1-3; Dkt. 1-1.  In asserting diversity of citizenship, Plaintiff identified herself as a resident of Washington and Defendant as a resident of Florida.  Dkt. 1, ¶¶2-3.  Plaintiff also, on September 28, 2021, filed an action in King County Superior Court, but in that case identified Defendant as a resident of Washington.  Dkt. 9, Ex. A and Ex. B, ¶2.2.

In the motion now before the Court, Defendant attests he moved from Florida to Washington in June 2018 to take a job located in Seattle and has since remained a resident of Washington.  Dkt. 10, ¶¶4, 9.  Defendant provides a "welcome" email from his employer, dated June 4, 2018 and reflecting his start date as June 18, 2018.  *Id*., Ex. A.  He provides a Seattle City Light bill reflecting charges as of July 11, 2018 and associated with his residence at that time in West Seattle, as well as a document reflecting the closure of his Florida Power & Light Company account on July 23, 2018.  *Id*., Exs. B & C.  Other documents show that Defendant purchased a home on Mercer Island in Washington in June 2019 and his Washington driver's license, containing the same address as the Mercer Island home and a date of issue on October 24, 2019.  *Id*., Exs. D & E.  Defendant attests his home on Mercer Island is his permanent residence and that he remains employed with the same company, his vehicle is registered in Washington and he has been registered to vote in this State since October 2018, he has paid taxes in Washington since moving here in 2018, and he intends to remain living in this State.  *Id*., ¶¶9, 11, 13-16.  *See also* Dkt. 8 at 3, n.2 (stating Defendant was served at his Mercer Island home on November 21, 2021).

## DISCUSSION

A.  <u>Motion to Strike</u>

Defendant seeks to strike Plaintiff's opposition to the motion to dismiss as untimely.  Dkt. 15 at 2.  Pursuant to this Court's local rules, Plaintiff's response to the motion was due on

December 13, 2021.  *See* Dkt. 8 and W.D. Wash. Local Civ. R. (LCR) 7(d)(3).  Plaintiff did not file a response until December 17, 2021, the noting date for the motion to dismiss.  *See* Dkts. 8 & 13.  Nor did Plaintiff seek leave to file a late response or offer any explanation for the failure to comply with the Court's rules.  Accordingly, Plaintiff's untimely opposition to the motion to dismiss is properly stricken.  *See, e.g., McDaniel v. B.G.S.00 LLC*, C15-5319-JRC, 2016 WL 3198310, at *2 (W.D. Wash. June 9, 2016), *aff'd*, 726 F. App'x 595 (9th Cir. 2018).[1]

B.     Motion to Dismiss

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(1) if the Court lacks subject matter jurisdiction over the claims at issue.  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  The Court may, thus, only entertain this action if there is either diversity or federal question jurisdiction.  *See* 28 U.S.C. §§ 1331-32.

In the current matter, plaintiff raises a single claim of negligence and asserts federal jurisdiction under 28 U.S.C. § 1332.  Dkt. 1, ¶¶1-3, 16-18; Dkt. 1-1.  Under that statute, the Court has original jurisdiction over cases premised on diversity only where the parties are citizens of different States and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (section 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant.")

---

[1] The Court also observes that the only evidence Plaintiff offers in opposition to Defendant's assertion of domicile in Washington is a website screenshot of a "Possible Historical Record" reflecting a 2012 voter registration date in Florida and listing the address for which Defendant closed his Florida Power & Light Company account in July 2018.  *See* Dkt. 14, Ex. A & Dkt. 10, Ex. C.  The Court further agrees with Defendant as to the absence of any basis for delaying a ruling on Defendant's motion.  *See* Dkt. 15 at 5-6 & Dkt. 16, Exs. A-H.

ORDER GRANTING DEFENDANT'S RULE
12(B)(1) MOTION TO DISMISS - 3

"The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613-14 (9th Cir. 2016) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). When a defendant challenges the truth of a plaintiff's factual allegation of diversity, plaintiff has an affirmative obligation to support the allegation of diversity with proof. *Id*. at 614. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Diversity is determined at the time a lawsuit is filed. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Mann v. City of Tucson*, 782 F.2d 790, 794 (9th Cir. 1986). A party's citizenship for purposes of diversity jurisdiction is controlled by the party's domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is the person's permanent home, meaning the place where the person "resides with the intention to remain or to which [the person] intends to return." *Id*. (citing *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986) ("[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'") (citations omitted)). While no single factor controls, domicile may be determined through factors such as a person's current residence, voting registration and practices, location of property, bank accounts, and spouse and family, memberships, place of employment, driver's license and automobile registration, and payment of taxes. *Lew*, 797 F.2d at 750.

Defendant now moves to dismiss with evidence disputing Plaintiff's allegation that Defendant is a citizen of Florida for purposes of diversity jurisdiction. Plaintiff did not timely respond to the motion to dismiss.

The Court finds the substantial evidence presented by Defendant, including that related to his Washington employment, places of residence, real estate purchase, payment of utilities, driver's license, vehicle and voter registration, and payment of taxes, to show he was a citizen of Washington at the time Plaintiff filed this suit.  *See* Dkt. 10, ¶¶4-16 and Exs. A-E.  Specifically, the evidence shows that Defendant moved to Washington in June 2018, more than three years before Plaintiff filed her complaint, in order to begin a job in Seattle, that he remains employed in that job, and that he and his family maintain a permanent home in Washington, where they have lived for over two years and where Defendant intends to remain for the foreseeable future.  *Id*.  This evidence contradicts Plaintiff's allegation of diversity jurisdiction based on Defendant's citizenship in Florida.  Because Plaintiff fails to satisfy her burden of proving jurisdictional facts establishing the Court's subject matter jurisdiction under 28 U.S.C. § 1332, this action must be dismissed.  Fed. R. Civ. P. 12(h)(3).[2]

CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's Motion to Strike, Dkt. 15 at 2, and Defendant's Rule 12(b)(1) Motion to Dismiss, Dkt. 8, and DISMISSES this matter without prejudice.  The Clerk is directed to send copies of this order to the parties.

Dated this 5th day of January, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

---

[2] In anticipation of an argument from Plaintiff, Defendant also explained why this action should be dismissed rather than remanded or transferred to state court.  *See* Dkt. 8 at 7-8.  Because Plaintiff raised no such argument, this issue need not be addressed.  This matter is properly dismissed based on the absence of subject matter jurisdiction.